USA v. Kattar                                    CV-95-221-JD  10/08/97

UNITED STATES DISTRICT COURT FOR THE
                          DISTRICT OF NEW HAMPSHIRE


United States of America

        v.                              Civil No. 95-221-JD

George T. Kattar, et al.



                              O R D E R


        The plaintiff, the United States of America, brought this
action against the following defendants: George T. Kattar; the
Seven Children Trust; Phyllis Kattar, personally and as trustee
of the Seven Children Trust; Mary Abdoo, George P. Kattar, and
Kevin Kattar, each as trustees of the Seven Children Trust; and
the town of Meredith, New Hampshire.  The action seeks, <u>inter
alia</u>, to reduce to judgment federal tax liabilities of over one
million dollars allegedly owed by defendants George T. and
Phyllis Kattar (the "Kattars") and to foreclose on real property
allegedly fraudulently transferred by Phyllis Kattar to defendant
Seven Children Trust (the "trust").  Before the court is the
plaintiff's motion to amend its complaint (document no. 53).

<u>Background</u>[1]

In 1972, defendant Phyllis Kattar owned a residence called Clovelly on Powers Road in Meredith, New Hampshire. On June 20, 1972, the Kattars created the trust. At the time of the trust's creation, the trust documents did not explicitly designate the beneficiaries of the trust.[2] On June 27, 1972, defendant Phyllis Kattar purported to transfer Clovelly to the trust. Despite the purported transfer, the Kattars continued to live in Clovelly and exercise control over it.

In a sworn financial statement submitted to the Internal Revenue Service during the mid-1980's, the Kattars represented that they had only $1,600 in assets and that they had not transferred any assets since at least 1969. The plaintiff asserts that the transfer of Clovelly was a fraudulent conveyance for the purpose of "hindering, delaying, and defrauding" the plaintiff with respect to the payment of the Kattars' income tax

---

[1]The facts relevant to the instant motion are not in dispute or have been alleged by the plaintiff. The court assumes a familiarity with the factual background of this case set forth in more detail in its December 31, 1996, order and recounts here only those facts pertinent to the instant dispute.

[2]The plaintiff contends that the trust beneficiaries were not designated until November 15, 1983, when the Kattars filed an amendment to the trust documents. The defendants assert that the beneficiaries were readily identifiable at the time of the trust's creation.

liability. Am. Compl., ¶ 20. The plaintiff further asserts that the trust is the nominee of the Kattars, their alter ego, and/or a sham. Furthermore, the plaintiff asserts that, at least since the filing of this action, the trustees have failed to pay property taxes on Clovelly, giving rise to a property tax lien against it which might have priority over the plaintiff's income tax lien.

After filing this action on April 27, 1995, the plaintiff amended its complaint as of right on June 6, 1995. Subsequently, during discovery, the plaintiff gained new information about the Kattars' assets and allegedly fraudulent transfers of those assets by the defendants. In response to a written discovery request, the defendants disclosed that the only transfer of the Kattars' property with a value of over $1,000 during the period in question was the June 27, 1972, transfer of Clovelly. During a deposition in February 1997, however, defendant Phyllis Kattar indicated that she retained assets at the time of the conveyance of Clovelly and that she subsequently transferred those assets to the trust in 1980. The assets included jewelry and the contents of Clovelly (collectively, the "personal property"), which the defendants claim had a 1972 value of approximately $180,000 and $170,000, respectively. In April 1997, the plaintiff inspected Clovelly and discovered that the majority of these newly

3

disclosed assets remain in the residence.

The plaintiff now seeks to amend its complaint for a second time. The proposed amendment would make the following changes to the current complaint: (1) it would add claims relating to the personal property; (2) it would add an alternative theory with respect to the fraudulent transfers, i.e., that they occurred not when the defendants claim, but in 1983, when the plaintiff asserts that the beneficiaries of the trust were first designated; and (3) it would make the trustees personally liable to the extent that they allowed the property to become damaged, be dissipated, or suffer liens against it, including failure to pay taxes on Clovelly. The defendants oppose this attempted amendment on several grounds.[3]

## Discussion

According to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be "freely given when justice so requires." "That mandate is to be heeded," Foman v. Davis, 371 U.S. 178, 182 (1962), and amendments should be liberally granted, see Tiernan v. Blyth, Eastman, Dillon & Co., 719 F.2d 1, 4 (1st

---

[3]Defendant town of Meredith has assented to the plaintiff's request to amend its complaint. The remaining defendants oppose the motion. Throughout the remainder of this order, the court refers to the defendants opposing the amendment simply as "the defendants."

4

Cir. 1983).  Although resolution of a motion to amend is within the sound discretion of the trial court, refusing to grant leave to amend without justification is an abuse of discretion and inconsistent with the Federal Rules of Civil Procedure.  See Foman, 371 U.S. at 182.

The plaintiff asserts that the Kattars' misrepresentations made certain facts unavailable and it now seeks to amend its complaint to comport with those facts.  The defendants make the following arguments in opposition to the motion to amend: (1) the plaintiff's claim against the personal property is barred by the statute of limitations, making amendment futile; (2) assertion of a claim against the personal property would unduly delay the proceedings and prejudice the defendants; (3) the allegation that the beneficiaries of the trust were not identifiable until 1983 lacks adequate support; and (4) the plaintiff's effort to add the trustees would unnecessarily delay the proceedings, is unduly prejudicial to the defendant trustees, and has not been adequately supported by factual allegations.  The court considers the parties' arguments seriatim.

I.    Newly Discovered Fraudulent Transfer of Personal Property

The defendants argue that the plaintiff's attempt at

5

amendment is futile because the allegedly fraudulent transfer of personal property is outside the ten year statute of limitations. See 26 U.S.C.A. § 6502 (West Supp. 1997). In addition, they argue that they will be prejudiced by the addition of claims pertaining to the transfers because of undue delay on the part of the plaintiff, the length of time between the filing of the original complaint and the amendment, the fact that the defendants will have to significantly alter their trial strategy, the fact that discovery will have to be reopened, and the fact that the defendants reasonably relied on the plaintiff's permitting the statute of limitations to run. The court rejects these arguments because the prejudice and delay appear to be occasioned by the defendants' inequitable conduct.

The plaintiffs have asserted that defendant Phyllis Kattar has made mutually incompatible sworn statements for the purpose of avoiding tax liability by defrauding and hindering the plaintiff. The defendants have not contested the validity of the plaintiff's allegations. Instead, the defendants argue, in essence, that after having mislead the plaintiff for a sufficiently long period of time, they are now entitled to rely on the plaintiff's failure to discover the truth and to reap the benefits of their prior misrepresentations. The defendants have produced no legal authority, and the court is aware of none, to

support such a proposition.  Assuming, as it must at this stage of the proceedings, that the plaintiff's allegations are true, the court finds that any prejudice to the defendants was caused by their own behavior and that justice requires that the plaintiff be allowed to amend its complaint to add allegations that the transfers of personal property by Phyllis Kattar were fraudulent and therefore void as to the plaintiff.  See Fed. R. Civ. P. 15(a).

## II.  Designation of Trust Beneficiaries and Time of Transfers

The defendants urge that the plaintiff should not be allowed to amend its complaint to assert that the transfer of Clovelly did not take effect until 1983 because the beneficiaries of the trust had not been designated until that time.  The defendant asserts, inter alia, that the title of the Seven Children Trust is sufficient to establish that the beneficiaries of the trust were to be the Kattars' seven children.  However, the defendants' arguments with respect to this point would be more properly set forth in a motion for summary judgment, because they focus primarily on factual matters that they assert make the identity of the beneficiaries of the trust clear.  In the plaintiff's proposed amended complaint, it sets forth its allegation as an alternate theory of liability and it provides a factual basis for

7

its contentions. The court cannot, given the case's procedural posture, ascertain that the plaintiff is unable to prove any set of facts that would entitle it to the requested relief. Therefore, the court finds that the plaintiff has sufficiently demonstrated its entitlement to amend its complaint with respect to this allegation.

III. Addition of Trustees as Defendants

The defendants argue that the plaintiff fails in its proposed amended complaint to allege any facts in support of its claim against the trustees individually, and thus the amendment should be denied as futile. However, the proposed amended complaint states that, "upon information and belief" defendant Meredith "has liens upon [Clovelly] for unpaid real estate taxes." Proposed Second Am. Compl., ¶ 6. It notes that defendants Mary Abdoo, George P. Kattar, and Kevin Kattar are trustees of the trust. See id., ¶ 4. It seeks to make the trustees "personally liable . . . to the extent they have allowed or hereafter allow the subject properties to be damaged or dissipated or to suffer liens with priority or superiority to the [plaintiff's] claims, including by failing to pay real property taxes while refusing to concede this action." Id., ¶ 58.

The court finds that these allegations, taken together,

8

provide the trustees with sufficient notice to appraise them of the plaintiff's accusation that they failed to pay real property taxes on Clovelly to the detriment of the plaintiff's claims. Therefore, the defendants' argument that "Plaintiff has failed to allege any facts to support its asserted claim against the trustees individually," Defs.' Objection to Pl.'s Mot. to Amend Compl., at 21, is without merit. The defendants' remaining arguments on this point fail to establish that the plaintiff's attempted amendment would be futile. The court concludes that the plaintiff should be allowed to amend its complaint to add the trustees as individual defendants.

<u>Conclusion</u>

For the reasons stated above, the court determines that justice requires that the plaintiff be allowed to amend its complaint. Therefore, the plaintiff's motion to amend its complaint (document no. 53) is granted.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
Chief Judge

October 8, 1997
cc:  George P. Eliopoulos, Esquire
     Steven M. Gordon, Esquire
     Albert F. Cullen Jr., Esquire
     Janice E. McLaughlin, Esquire

9